IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HIGH PLAINS COMMUNITY DEVELOPMENT CORP., INC.,** a Nebraska Corporation | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| **NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, REGULATION AND LISCENSURE,** | ) ) ) ) | 4:07CV3149  ORDER FOR INITIAL PROGRESSION OF CASE |
| **TERRY HINN and MARILYN HINN NAYES,** Natural Persons, and | ) ) ) | |
| **HINNS MOBILE HOMES, INC.,** a Nebraska Corporation, | ) ) ) | |
| Defendants. | ) | |

Upon review of the parties' Rule 26(f) planning report [18],

**IT IS ORDERED:**

1. **Authorization and Sequence of Discovery.** The parties may now commence discovery. At this time, discovery shall be limited to matters necessary to resolve the immunity and jurisdictional challenges discussed in the parties' report.

2. **Mandatory Disclosures** described in Fed. R. Civ. P. 26(a)(1) shall be served by **September 22, 2007**, except that disclosures, if appropriate, from the Nebraska Department of Health and Human Services ("DHHS") shall be made within **10 business days** of the court's order resolving its pending motion to dismiss based on immunity [12].

3. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served.

- **Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.** *See* **NECivR 5.3.**

- **If it is necessary to file unredacted documents, the parties shall follow the procedure set out in NECivR 5.3(c).**

4. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

5. **Limits on Discovery.** At this time, each party is limited to serving **ten (10)** interrogatories on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking **two (2)** depositions in this case, without leave of court. These limits may be modified following resolution of the defendants' immunity and jurisdictional challenges.

6. **Dispositive Motions.** All defense motions to dismiss or for summary judgment *based on the question of plaintiff's standing* shall be filed no later than **November 20, 2007.**

7. **Motions to alter dates**. All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

8. The stipulations of the parties regarding discovery and progression matters set forth in their planning report to the court, not in conflict with the provisions of this order, are approved and adopted.

**DATED August 23, 2007.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**