IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HIGH PLAINS COMMUNITY DEVELOPMENT CORPORATION, | ) ) ) | CASE NO. 4:07CV3149 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DR. JOANN SCHAEFER, CHIEF MEDICAL OFFICER, DIVISION OF PUBLIC HEALTH, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, In her official capacity as administrator, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| and | ) ) | |
| TERRY HINN & MARILYN HINN HAYES, Natural Persons, | ) ) ) ) | |
| and | ) ) | |
| HINN'S MOBILE HOMES, INC. A Nebraska Corporation, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Amended Motion to Dismiss (Filing No. 36) submitted by Defendant Dr. JoAnn Schaefer, Chief Medical Officer, Division of Public Health, Nebraska Department of Health and Human Services, in her official capacity as administrator (hereafter "Schaefer"). Schaefer has moved to dismiss the Plaintiff's action against her under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion will be granted with respect to the Plaintiffs' claims under the Nebraska Fair Housing Act, and otherwise will be denied.

**STANDARD OF REVIEW**

A motion under Fed. R. Civ. P. 12(b)(1) challenges the existence of the Court's subject matter jurisdiction.  As the party asserting jurisdiction, High Plains Community Development Corporation ("High Plains") has the burden of proving that jurisdiction is proper.  *Green Acres Ent., Inc. v. U.S.*, 418 F.3d 852, 856 (8th Cir. 2005), citing *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Amended Complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1965 (2007).[1]  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.*, quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

---

[1] The standard of review set forth in the Plaintiff's brief, Filing No. 39, p.2, based on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), was disclaimed by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007).

**FACTS**

For purposes of the pending motion to dismiss, this Court accepts as true the factual allegations in the Amended Complaint (Filing No. 21), although the Court is not bound to accept the Plaintiff's legal conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965.

High Plains is a Nebraska non-profit fair housing corporation that has devoted its resources to identify and counteract unfair, unlawful and discriminatory housing practices in and around Chadron, Nebraska. (Amended Complaint ¶¶ 6, 10, 11). Schaefer, as the Chief Medical Officer of the Public Health Division of the Nebraska Department of Health and Human Services ("DHHS"), is responsible for the enforcement of laws and regulations controlling the inspection and licensing of mobile home parks in Nebraska. (*Id.* ¶ 7). Defendants Terry Hinn, Marilynn Hinn Hayes, and Hinn's Mobile Homes, Inc. (collectively "Hinns"), own and rent certain properties for residential use, including mobile homes in Chadron, Nebraska. (*Id.* ¶¶ 8, 9).

In March 2002, DHHS issued an operating permit to Hinns, allowing them to operate a mobile home park in Chadron, Nebraska. (*Id.* ¶ 15). Although Hinns allegedly have violated DHHS regulatory codes, failed to meet minimum housing standards, discriminated against Native American tenants, provided substandard housing to Native American tenants, and received notice of numerous uncorrected code violations, DHHS has continued to issue them mobile home permits. (*Id.* ¶¶ 18-28). High Plains alleges that Schaefer knowingly and willfully has adopted a policy or practice of refusing to apply Nebraska licensing and regulatory requirements to Hinns on the basis of the race of the Hinns' tenants, *i.e.*, Native Americans. (*Id.* ¶¶ 35-37, 41-43).

High Plains alleges that Schaefer has violated the Fair Housing Act, at 42 U.S.C. § 3604, and the Nebraska Fair Housing Act, at Neb. Rev. Stat. § 20-318, and has caused High Plains to suffer injuries. (*Id.* ¶¶ 38, 39, 46, 47). High Plains does not seek any award of damages against Schaefer in the Amended Complaint, but does seek declaratory and injunctive relief against her – specifically a declaratory judgment that Schaefer has violated the Fair Housing Act and the Nebraska Fair Housing Act, and a permanent injunction ordering her to "cease use of any discriminatory policy, practice or custom that determines the application of licensure requirements based, in whole or part, on race." (*Id.*, p. 9)

## DISCUSSION

### I. Subject Matter Jurisdiction

Although High Plains amended its Complaint, and now seeks only declaratory and injunctive relief against Schaefer in her official capacity, Schaefer still contends that this Court lacks subject matter jurisdiction over the claims against her, because she is entitled to sovereign immunity and immunity under the Eleventh Amendment to the United States Constitution. Schaefer argues that the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), allowing suits for prospective injunctive relief against state officials in their official capacities, is inapplicable, because Congress has prescribed a "detailed remedial scheme" for enforcing the Fair Housing Act, with "significantly fewer remedies than those available under *Ex Parte Young*."[2] She further argues that High Plains' claim against her under the

---

[2] Brief in Support of Amended Motion to Dismiss, Filing No. 37, pp. 6-7. Schaefer cites *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996), and *Santee Sioux Tribe of Nebraska v. State of Nebraska*, 121 F.3d 427, 432 (8th Cir. 1997), for the proposition that *Ex Parte Young* does not apply when Congress has prescribed a "detailed remedial scheme for enforcing [a statute] with significantly fewer remedies than those available under *Ex Parte Young*." In both *Seminole Tribe* and *Santee Sioux*, the "detailed remedial

Nebraska Fair Housing Act should be dismissed, because *Ex Parte Young* operates only to prevent violations of federal law.

### A.  Fair Housing Act

As Schaefer notes, the federal Fair Housing Act at 42 U.S.C. § 3608(c) provides, in part, that "[i]nsofar as possible, conciliation meetings shall be held in the cities or other localities where the discriminatory housing practices allegedly occurred;" and at 42 U.S.C. § 3610, sets forth an administrative enforcement procedure that may be initiated through the filing of a complaint with the Secretary of Housing and Urban Development.

High Plains has elected to proceed under 42 U.S.C. § 3613(a), however, which provides, in part, that "[a]n aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under section 3610(a) of this title and without regard to the status of any such complaint . . . ."  42 U.S.C. § 3613(a)(2). Accordingly, High Plains is not bound to proceed under any "detailed remedial scheme" in the Fair Housing Act, and its claim against Schaefer in her official capacity, seeking declaratory and injunctive relief, is not barred by the Eleventh Amendment.

### B.  Nebraska Fair Housing Act

With respect to High Plains' action under the Nebraska Fair Housing Act, it is acknowledged that *Ex Parte Young* addressed the immunity of state officials alleged to be acting in violation of *federal* law.  ("The state cannot . . . impart to the official immunity from responsibility to the supreme authority of the United States."  *Ex Parte Young*, 209 U.S. at 167).  The question then becomes whether the state of Nebraska has waived its sovereign

---

scheme" was that set forth in the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2710(d)(3).

immunity from suit in federal court for declaratory and injunctive relief under the Nebraska Fair Housing Act.

"The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). A State is "deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Id*. at 239-40. "A State's general waiver of sovereign immunity is insufficient to waive Eleventh Amendment immunity, because to waive Eleventh Amendment immunity, the state must specify an intent to subject itself to federal court jurisdiction." *Id*., 473 U.S. at 241.

High Plains makes no attempt to counter Schaefer's argument that the action against her under the Nebraska Fair Housing Act should be dismissed, based on Eleventh Amendment immunity. This Court's own review of the Nebraska Fair Housing Act reveals language indicating a waiver of sovereign immunity,[3] but not a specific waiver of Eleventh Amendment immunity. While Schaefer, in her official capacity, might be subject to suit in Nebraska state court for an alleged violation of the Nebraska Fair Housing Act, she is not subject to such a suit in federal court.

## II.  Claim upon which Relief Can Be Granted

The Fair Housing Act, at 42 U.S.C. § 3604, provides, in part, "it shall be unlawful – (b) To discriminate against any person in the terms, conditions, or privileges of . . . rental

---

[3] Neb. Rev. Stat. § 20-342 (Reissue 1997) provides for private civil actions to be brought directly by aggrieved persons under the Nebraska Fair Housing Act. Under § 20-342(3)(b), the "state shall be liable for [reasonable attorney's] fees and costs to the same extent as a private person."

6

of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, . . . or national origin."

Schaefer argues that High Plains' Amended Complaint fails to state a claim upon which relief can be granted, because Schaefer is simply issuing permits to private mobile home park owners in a facially neutral manner under Neb. Rev. Stat. §§ 71-4621 to 71-4635 (Reissue 2003). (Brief in Support of Amended Motion to Dismiss, Filing No. 37, p. 8). Schaefer contends that whether High Plains is proceeding on a disparate-impact theory or a disparate-treatment theory, its cause of action must fail because it has not alleged that Schaefer's actions affected Native Americans to a greater degree than other tenants, nor has it alleged that Schaefer intentionally committed a discrete act of discrimination.

The Amended Complaint alleges that "Schaefer has knowingly and willfully adopted a policy or practice, whether written or unwritten, of refusing to apply Nebraska licensing and regulatory requirements to [Hinns], and has refused to enforce existing state regulations applicable to these Defendants on the basis of the race of those individuals housed in the Hinns mobile rental units, in violation of 42 U.S.C. § 3604." (Filing No. 21, ¶ 35). The Amended Complaint alleges that DHHS issued mobile home permits to Hinns on six specific occasions from 2002 through 2006, "[d]espite numerous, continuous and uncorrected code violations." (*Id.* ¶ 24). Liberally construing the Amended Complaint, High Plains has alleged that Schaefer, in her official capacity, intentionally discriminated against Native American mobile-home tenants in the terms, conditions, or privileges of their rental of dwellings, or in the provision of services, *i.e.*, the issuing of mobile home permits, because of the tenants' race, color or national origin. Those factual allegations provide a

basis for High Plains' claim to relief, and are sufficient to withstand Schaefer's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

This Court has subject matter jurisdiction over High Plains' claim against Schaefer in her official capacity under the federal Fair Housing Act, but lacks subject matter jurisdiction over the claim against her under the Nebraska Fair Housing Act, because the State of Nebraska has not clearly waived its Eleventh Amendment immunity from suit in federal court under that Act. Liberally construed, the Amended Complaint states a claim against Schaefer in her official capacity under the federal Fair Housing Act, upon which relief can be granted.
Accordingly,

IT IS ORDERED:

The Amended Motion to Dismiss (Filing No. 36) submitted by Defendant Dr. JoAnn Schaefer, Chief Medical Officer, division of Public Health, Nebraska Department of Health and Human Services, in her official capacity as administrator, is granted in part and denied in part, as follows:

1. The Plaintiffs' Second Cause of Action, based on Defendant Schaefer's alleged violations of the Nebraska Fair Housing Act, is dismissed; and

2. The Amended Motion to Dismiss (Filing No. 36) is otherwise denied.

DATED this 21st day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge